# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| JOHN T. MCGRATH, SR. | * | CIVIL ACTION NO.  15-0578<br>Section P |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| SHERIFF WYDETTE WILLIAMS, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion for summary judgment [doc. # 27] filed by defendants, East Carroll Parish Sheriff Wydette Williams, Warden Johnny Hedgeman, and Nurse Leana.  For reasons stated below, it is recommended that the motion [doc. # 27] be GRANTED, and that plaintiff's claims against said defendants, plus Charles Liberia, be DISMISSED, without prejudice.

## Procedural History

On March 11, 2015, John T. McGrath, Sr., an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), who, during the relevant period, was housed at the LaSalle Corrections Center and then later at the Riverbend Detention Center ("RDC"),[1] filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 against East Carroll Parish Sheriff Wydette Williams, Warden Johnny Hedgeman, Nurse Leana, and Dr. Charles Liberia.  In response to court order, McGrath amended his complaint on July 22, 2015.

---

[1]  After the events at issue, McGrath was transferred to other corrections facilities.

[doc. # s 9 & 14].

McGrath alleges that in July 2014, while housed at the LaSalle Corrections Center, he was involved in a fight with another inmate that resulted in a broken bone to his left hand.  A physician at the facility recommended surgery.  However, on July 21, 2014, before surgery could be performed, McGrath was transferred to RDC.  On July 22, 2014, Dr. Charles Liberia examined plaintiff's hand, and agreed that surgery was necessary.  However, Liberia and Nurse Leana informed plaintiff that RDC could not afford to pay for the surgery, and prescribed pain medication instead.

Plaintiff contends that defendants are exhibiting deliberate indifference to his serious medical needs.  He seeks, *inter alia*, an order requiring defendants to provide him with the required hand surgery, plus $25,000 in compensatory damages and $10,000 in punitive damages against each defendant for his pain and suffering.

On September 18, 2015, the court completed initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A, and ordered service on Williams, Hedgeman, Leana, and Liberia, via U.S. Marshal.  (Sept. 18, 2015, Mem. Order [doc. # 15]).  On November 24, 2015, all four defendants answered the complaint.  (Answer [doc. # 18]).

On May 23, 2016, defendants filed the instant motion for summary judgment on the issue of exhaustion of administrative remedies.  After delays for briefing, the matter is now before the court.[2]

---

[2]  Plaintiff did not file an opposition to the motion for summary judgment, and thus, the motion is unopposed.  *See* Notice of Motion Setting [doc. # 28].  However, a non-movant's failure to oppose summary judgment does not mean that the court is compelled to grant the motion out of hand.  *Monroe v. Melder*, 247 F.3d 241 (5th Cir. 2001) (unpubl.) (citation omitted).  Rather, the movant still must discharge its burden of showing that there is no genuine

## <u>Summary Judgment Principles</u>

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

 "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

---

dispute of material fact, and that it is entitled to judgment as a matter of law. *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534 (5th Cir. 1992) (unpubl.); *Alsobrook v. GMAC Mortgage, L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013). If the movant does not meet its burden, then the court must deny the motion. *See John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 708 (5th Cir. 1985).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.  "The court *need* consider only the cited materials, but it *may* consider other materials in the record."  Fed.R.Civ.P. 56(c)(3) (emphasis added).  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.*, 477 U.S. at 322-23.  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  In other words, the movant must affirmatively establish its right to prevail as a matter of law.  *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

a)    Law

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional

---

[3]  I.e., beyond doubt.

facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the

administrative process.  *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-83 (2006)

(citations omitted).  All "available" remedies must be exhausted, whether speedy and effective,

or not.  *Porter v. Nussle*,  534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002).  "Proper exhaustion

requires that the prisoner not only pursue all available avenues of relief but also comply with all

administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th

Cir. 2009) (citing *Woodford, supra*).  An untimely or otherwise procedurally defective

administrative grievance does not satisfy the exhaustion requirement.  *Id*.

       "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong."  *Porter, supra* (citation omitted).  An inmate is required to

"exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary."

*Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted).  In

addition, exhaustion applies to claims brought against defendants in their official and/or

individual capacities.  *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v.*

*Texas*, 76 Fed. Appx. 564 (5th Cir. 2003).

       The Fifth Circuit consistently has held that an inmate's ignorance of a prison's grievance

procedures does not excuse his noncompliance.  *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir.

2007) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954 (5th Cir. 2009)

(citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561 (5th Cir. 2010) (citation omitted).

Nonetheless, inmates should have "avenues for discovering the procedural rules governing their

grievances." *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (citations omitted).  When an inmate

has no means of verifying the administrative grievance process, then misleading information by

prison officials may make remedies unavailable.  *Id*.  "If impediments to filing grievances render

remedies unavailable at one facility, remedies may become available again once a prisoner has

been transferred, unless there are other problems at the new facility."  *Dillon*, 596 F.3d at 267-

268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir.2008)).  Stated another way, the

grievance filing period is tolled only so long as the inmate is actually impeded from invoking and

exhausting the process.

A prisoner is required to exhaust all steps of a grievance process even if the prison fails to

respond to his grievances at an earlier step in the process.  *Hicks v. Lingle*, 370 F. Appx. 497, 499

(5th Cir. 2010); *Ates v. St. Tammany Parish*, Civ. Action No. 13-5732, 2014 WL 1457777 (E.D.

La. Apr. 15, 2014).  Moreover, to the extent that language on the form or policy regarding

subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still

must exhaust all "available" steps.  *Ates, supra* (and cases cited therein); *see also Hicks, supra*

(inmate required to proceed to second step even though procedure said only that inmate "may

appeal" if dissatisfied with first step response).  In short, the courts "will not read futility or other

exceptions into statutory exhaustion requirements where Congress has provided otherwise."

*Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825, n. 6 (2001).

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that

plaintiff failed to exhaust available administrative remedies.  *Dillon*, 596 F.3d at 266.  If the court

considers evidence beyond the pleadings to resolve the exhaustion issue, then the nonmoving

party is entitled to the protections of Rule 56.  *Id*.

b)      The RDC had an Available Administrative Remedy Procedure

The uncontroverted evidence establishes that the RDC had a three step Administrative Remedy Procedure ("ARP") in effect during the relevant period.  (Declaration of Warden Johnny Hedgemon and RDC Administrative Remedy Procedure; Defs. MSJ, Exhs. A & A-1).  The first step of the ARP requires an offender to submit a grievance form to the warden by placing it in the offender grievance box within 30 days after the incident.  *Id*.; Offender Grievance form (Compl., Appx. A [doc. # 1-2]).  Offenders will receive a response to the grievance within 30 days.  *Id*.  The Offender Grievance form further specifies that if the offender does not receive a response, then he may file a request for warden review within five days after expiration of the 30 day initial response period.  *Id*.  Thereafter, the offender will receive a response to the second step review within 25 days (excluding weekends and holidays)  *Id*.  The offender also may request a third step appeal to the warden and/or the sheriff, to which he will receive a response within 40 days after receipt of same (excluding weekends and holidays).  *Id*.

c)      McGrath Failed to Exhaust All Available Administrative Remedies

In support of their motion for summary judgment, defendants adduced evidence that plaintiff never submitted a grievance regarding his allegations of inadequate medical care that form the basis of this lawsuit.  (Declaration of Warden Johnny Hedgemon).  As plaintiff did not file a response to defendants' motion, he necessarily did not produce any evidence to controvert defendants' showing.

The court notes, however, that plaintiff attached to his complaint two, nearly identical, offender grievances, one of which identifies the date of the incident as August 1, 2014, whereas the other indicates that the accident occurred on September 1, 2014.  (Compl., Appc.  A & B).

7

Furthermore, in his complaint, plaintiff stated that he submitted grievances regarding his medical issue on August 1, 2014, and then another one on September 1, 2014.  (Compl., pg. 5). However, he never received a response to these grievances.  *Id*.  Plaintiff signed his complaint under penalty of perjury.[4]

Nevertheless, even if the court were to construe plaintiff's second grievance as an attempt to invoke the second step of the grievance process, it remains uncontroverted that he never proceeded to step three of the grievance process.  As such, he failed to exhaust all three steps of RDC's available grievance process.

d)      Remedy for Failure to Exhaust

The plain language of the PLRA precludes any further action on plaintiff's claims until he has fully exhausted the administrative remedy procedure.[5]  Dismissal is the remedy, and it is typically without prejudice.  *See e.g., Plaisance v. Cain, supra*; *Cooper v. Quarterman*, 342 Fed. Appx. 12, 13 (5th Cir. 2009) (modifying dismissal for failure to exhaust to reflect that it was without prejudice).[6]

---

[4]  Federal law permits unsworn declarations to substitute for an affiant's oath if the statements contained therein are made "under penalty of perjury" and verified as "true and correct."  *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n2 (5th Cir. 2013) (citing 28 U.S.C. § 1746).

[5]  *See Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 920 (2007) (§ 1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a § 1983 suit, rather than while the action is pending . . . [t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.").

[6]  Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with an agency's deadlines and other critical procedural rules.  *Woodford, supra*.  At this point, plaintiff's delay effectively may foreclose his ability to properly exhaust available administrative

e)      Charles Liberia

Charles Liberia did not join in the present motion.  Nonetheless, Liberia is entitled to

summary judgment on the same basis as the movant-defendants.[7]

**Conclusion**

In sum, the court is compelled to find that there is no genuine dispute as to any material

fact and that movants and Liberia are entitled to judgment as a matter of law dismissing

plaintiff's claims for failure to exhaust administrative remedies.  Fed.R.Civ.P. 56(a) & (e)(3);

*Teixeira v. Gregg Cnty. Jail*, 74 F. App'x 388, 389 (5th Cir. 2003).

For the above-stated reasons,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 27] filed by

defendants, East Carroll Parish Sheriff Wydette Williams, Warden Johnny Hedgeman, and Nurse

Leana, be GRANTED, and that plaintiff's claims against said defendants, plus Charles Liberia,

be DISMISSED, without prejudice.  Fed.R.Civ.P. 56.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have

**fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court.  A party may respond to another party's objections within

**fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or

---

remedies.

[7]   The court may grant summary judgment *sua sponte* so long as the adverse party
receives adequate notice and a reasonable time to respond.  Fed.R.Civ.P. 56(f)(1); *Stingley v.
Den Mar Inc.*, 2009 WL 2762374, *3 (5th Cir. Sept. 1, 2009) (unpubl.) (citing *inter alia*, *Love v.
Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir.2000)).  The instant report and
recommendation provides adequate notice to the parties.  *McCoy v. Wade*, 2007 WL 1098738,
*1 (W.D. La. Mar. 12, 2007) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir.1998)).

response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 19th day of September 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

10